IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 15-44 |
| v. | ) |
| | ) |
| ANTONUAN SMITH | ) |

**MEMORANDUM ORDER**

In this action, Defendant pleaded guilty to violating 21 U.S.C. § 841(a)(1), 18 U.S.C. §§ 924(c)(1)(A)(i), 922(g). On October 26, 2016, Defendant was sentenced to a term of imprisonment of 144 months. On November 8, 2019, Defendant filed a Motion seeking a copy of his sentencing transcript, docket sheet, Judgment Order, and plea agreement. He asserts that he has mad unsuccessful attempts to obtain the materials from his attorney. Defendant asserts that the documents are necessary for him to show that his plea agreement was breached, and that counsel was ineffective in failing to "challenge his breached plea agreement." Also pending is Defendant's Motion for counsel, asserting that he is eligible for relief pursuant to United States v. Davis, 139 S. Ct. 2319 (2019). The Government opposes the former on grounds that Defendant has not yet filed a Section 2255 motion; and the latter on grounds of timeliness and the inapplicability of Davis. In particular, the Government points out that Defendant was convicted under 18 U.S.C. § 924(c) based on possessing a firearm in furtherance of a drug trafficking crime, and not based on a predicate "violent felony"; it also points to the one-year time limit imposed by 28 U.S.C. § 2255(f).

As the Government points out, Defendant has not filed a Section 2255 petition placing before the Court either the timeliness or merit of his potential arguments. At this juncture,

1

counsel will not be appointed. Should Defendant choose to file a petition, and should the Court deem the appointment of counsel necessary, it will appoint counsel if appropriate. Defendant's Motion to Appoint Counsel is denied, without prejudice.

In opposing Defendant's request for documents, the Government points to 28 U.S.C. 753(f). "Section 753(f), however, does not address the circumstances under which the court may provide paper copies to an indigent prisoner of transcripts already filed in the docket of the case." Richardson v. United States, No. 11-110, 2015 U.S. Dist. LEXIS 62627, at *5 (E.D.N.C. May 13, 2015). In this case, the transcript is already on the docket. The Judgment Order and docket sheet are readily available on the docket as well. Printing and mailing these requested record documents, at this juncture, represents de minimis cost to the Court. Defendant's Motion seeking documents is granted to that extent. The Court will mail this Order to Defendant, and enclose copies of the transcript, docket sheet, and Judgment Order. The plea agreement is not on the public record, and therefore neither this Court nor the Clerk of Courts is able to furnish Defendant with a copy.

AND NOW, this 18th day of December, 2019, IT IS SO ORDERED.

BY THE COURT:

_____
Donetta W. Ambrose
Senior Judge, U.S. District Court